**RELIANCE INSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**Martha OLSEN, Commissioner of Revenue, and State of Tennessee, Department of Revenue, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

Oct. 9, 1984.

Thomas E. Schoenheit, J. Michael Franks, Nashville, for plaintiff-appellant.

Gregory L. Nelson, Asst. Atty. Gen., Nashville, for defendants-appellees; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

Plaintiff, Reliance Insurance Company, seeks to recover taxes paid under protest.

Kingston Properties, Inc., doing business as Charleston's Restaurant, sought a license for the sale of alcoholic beverages for consumption on the premises and, as required by the statute, T.C.A., § 57–158 (now § 57–4–302), filed with the Commissioner of Revenue a bond to secure the payment of all taxes which might accrue by virtue of such sales and procured the plaintiff-appellant, Reliance Insurance Company, to incur the obligation as surety on the bond. The effective date of the bond was November 3, 1978, and was to remain in effect through November 2, 1979.

The penal sum of this bond was $10,-000.00, but on April 4, 1979, the licensee, Kingston Properties, received a letter from the Miscellaneous Tax Division informing it that the corporate surety bond for the remaining nine months of the license period, that is, from February 3, 1979, through November 2, 1979, would have to be in an amount no less than $11,200.00. In pertinent part this letter stated:

"Based on your liability for applicable taxes during the first full three months of operations, your corporate surety bond for the remaining nine months from February 3, 1979, through November 2, 1979, shall be in the amount of no less

than $11,200.00. The bond may be issued in an amount in excess of this sum if you so desire.

"Enclosed is bond form MT-a-636A, Sale of Alcoholic Beverages for Consumption on the Premises, which should be executed for the amount and period stated and returned to this office immediately."

The enclosed bond form, which was executed on April 11, 1979, and filed with the Department of Revenue, was styled: "State of Tennessee Tax Bond for Licensee for Sale of Alcoholic Beverages for Consumption on the Premises, Revision of Maximum Penal Amount Rider." This form further states:

"Effective period of bond: From November 3, 1978, through November 2, 1979; Surety: Reliance Insurance Company; Effective period of revision: From February 3, 1979, through November 2, 1979; Obligee: State of Tennessee.

"Initial penal amount of bond: $10,000.00.

"In consideration of the additional or return premium shown above, it is hereby agreed by the principal and the surety that the maximum penal amount of the bond described above, to which this rider is attached and made a part thereof, is raised to Eleven Thousand Two Hundred and No/100 Dollars ($11,200). Such revision to be effective during the effective period of revision shown above upon acceptance by the obligee, all other terms, conditions and limitations of said bond to remain in full force and effect as originally executed."

In January, 1981, the Miscellaneous Tax Division advised the surety, Reliance Insurance Company, that Kingston Properties, Inc., had incurred a tax liability in excess of $40,000.00 which it was unable to pay and called upon the surety to fulfill its obligations "... as surety under this bond and pay to the Commissioner of Revenue of the state of Tennessee the amount of $10,000.00 which is the penal sum of the bond." Later, by letter dated June 17, 1981, the Department of Revenue increased its demand from $10,000.00 to $21,200.00, insisting that the surety was obligated to pay the original penal sum of $10,000.00 plus the revised penal sum of $11,200.00.

The surety paid the $21,200.00 under protest and filed suit in the Chancery Court to recover the amount paid in excess of $11,200.00, the penal sum of the rider. The case was submitted to the Chancellor on a stipulation of facts and on cross motions for summary judgment and was decided in favor of the defendant.

The subject bond was issued pursuant to T.C.A., § 57–4–302(3), which, in pertinent part, provides:

"Every licensee permitted to do business in the state of Tennessee shall, as a condition precedent to the granting of his license, in addition to all other requirements set out herein, post with the commissioner of revenue of the state of Tennessee, an indemnity bond with good and solvent corporate surety, approved by him, in an amount equal to four (4) times the average monthly tax liability as determined by the Commissioner or in the amount of one thousand dollars ($1,000), whichever is greater, conditioned upon the proper payment of all taxes for which the sale licensee may become liable."

Plaintiff insists that the language employed in the rider dated April 11, 1979, means that the penal sum of the bond was changed from $10,000.00 to $11,200.00 for the whole period of the bond; that nothing in that document indicates that the penal sum of the bond was changed from $10,000.00 to $21,200.00, as is now insisted by the Commissioner. Thus, that document states that the *initial* penal amount of bond is $10,000.00 and the rider further provides

"... that *the maximum penal amount* of the bond described above, to which this rider is attached and made a part thereof, is *revised to $11,200.00,* such revision to be effective during the effective period of revision shown above upon acceptance by the obligee, all other terms, conditions and limitations of said bond to remain in full force and effect as originally executed." (Emphasis added.)

The argument of the Commissioner is that the liability of the bonding company extends to the full sum of $21,200.00 in the circumstances of this case. This insistence is based upon item 3 of the stipulations contained in the bond as originally filed. Item 3 is as follows:

"... the surety shall be liable to the state of Tennessee for any taxes, penalty and interest connected with the sale of alcoholic beverages for consumption on the premises accruing against the principal during the effective period of this bond and not properly paid to the state of Tennessee, up to the maximum penal amount of the bond, provided, however, that if the maximum penal amount of this bond is properly revised at any time during the effective period of this bond, the surety shall be liable to the state of Tennessee for any taxes, penalty and interest connected with the sale of alcoholic beverages for consumption on the premises *accruing against the principal during the effective period of the initial maximum penal amount* under the bond and not properly paid to the state of Tennessee up to the initial maximum penal amount of the bond *and the surety shall also be liable* to the state of Tennessee for any taxes, penalty and interest connected with the sale of alcoholic beverages for consumption on the premises *accruing against the principal during the effective period of the revised maximum penal amount* under this bond and not properly paid to the state of Tennessee up to the revised maximum penal amount of the bond." (Emphasis added.)

It is stipulated that the licensee's tax liability accruing during "the effective period of the initial maximum penal amount," i.e., from November 3, 1978, to February 3, 1979, exceeded $10,000.00 and that the tax liability accruing during "the effective period of the revised maximum penal amount," i.e., from February 3, 1979, to November 3, 1979, exceeded $11,200.00. Thus, the Commissioner argues that two separate liabilities accrued under these documents, *viz.*, $10,000.00 for the period, November 3, 1978, to February 3, 1979, *and* an additional sum of $11,200.00 during the period February 3, 1979, to November 3, 1979.

Our own conclusion is that the bond as originally written, the "rider" purporting to revise the penal amount of the bond, and the letter from the Miscellaneous Tax Division calling for the rider on April 4, 1979, taken together create an ambiguity, in that, the contrary insistences of the parties are each plausible interpretations of the agreement. Since all of these documents were drafted by the State, the well settled rule of construction requires that we resolve the ambiguity against the draftsman and in favor of the other contracting party, the plaintiff surety company. *Hanover Insurance Company v. Haney*, 221 Tenn. 148, 425 S.W.2d 590 (1968); *Boatland, Inc. v. Brunswick Corp.*, 558 F.2d 818 (6th Cir. 1977). Accordingly, we adopt the construction urged by the plaintiff and hold that the penal sum for which it is liable in this instance is $11,200.00, not $21,200.00.

The decree of the trial court is reversed and this cause is remanded for entry of an appropriate decree. Costs of appeal are taxed against the appellees.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.